UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RICHARD LYNN NORTON, # 125990 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV- |
| | ) | |
| SHANNON GREGG, STATE OF TENNESSEE, *et al.* | ) ) | |

**MEMORANDUM and ORDER**

Proceeding *pro se*, Richard Lynn Norton, a state prisoner and a frequent litigator, has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. In his submission, Mr. Norton asserts that his right to due process was violated in connection with a Disciplinary Board hearing held at the Northeast Correctional Complex on December 13, 2007, at the close of which he was found guilty of a prison infraction and was fined four dollars ($4.00), placed in two days of segregated confinement, and had visitation suspended for twelve months. Because Mr. Norton does not indicate that the Disciplinary Board's guilty finding resulted in the loss of any accrued good time, relief is not available through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Mr. Norton's "petition"is, in substance, a civil rights complaint pursuant to 42 U.S.C. § 1983.

Possibly, Mr. Norton was prompted to raise his claims in a § 2254 petition rather than in a civil rights complaint to avoid application of the "three-strikes" provision in

28 U.S.C. § 1915(g). Under that statute, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The sole exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, Mr. Norton has had at least three prior civil rights actions in the federal courts, which were dismissed as frivolous or for failure to state a claim for relief. *See Norton v. Jeffers*, Civil Action No. 2:96-CV-89 (E.D. Tenn. May 17, 1996) (Order dismissing case as frivolous); *Norton v. Littell*, Civil Action No. 3:96-CV-461 (E.D. Tenn. April 10, 1996) (Order dismissing case as frivolous and for failure to state a claim); *Norton v. Eidson*, Civil Action No. 2:99-CV-95 (E.D. Tenn. Mar. 10, 1999) (Order dismissing case for failure to state a claim for relief); *Norton v. Tucker*, Civil Action No. 1:2000-CV-1171 (W.D. Tenn. Jun. 26, 2000) (Order dismissing case as frivolous, noting that case fell within the "3-strikes" rule, and imposing restrictions on future filings); and *Norton v. Carven*, Civil Action No. 1:2000-CV-1173 (W.D. Tenn. Jun. 30, 2000) (Order dismissing case as frivolous).

The Court has reviewed the complaint and Mr. Norton does not allege that he is in "imminent danger of serious physical injury." Thus, in order to file this action, he must prepay the entire $350.00 filing fee. Leave to proceed *in forma pauperis* is **DENIED**. The complaint shall be filed solely for the purpose of making a record and for statistical purposes

and is hereby **DISMISSED** pursuant to the three-dismissal rule of 28 U.S.C. §1915(g), without prejudice to Mr. Norton's filing of a fee-paid § 1983 complaint.

In a span of less than a month, Mr. Norton has filed two pleadings as habeas corpus petitions, though they should have been filed as civil rights complaints. *See also Norton v. Gregg*, Civil Action No. 2:08-cv-84. Given that Mr. Norton previously has been found to be subject to the three-dismissal rule, not only in this district, *See Norton v. Scott*, Civil Action No. 2:02-CV-361 (E.D. Tenn. May 17, 1996) (Order, citing to § 1915(g), and denying motion to appeal *in forma pauperis*), but in the Western District also, *See Norton v. Tucker, supra,* the Clerk of Court is **DIRECTED** not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any future case submitted by Mr. Norton, unless directed to do so by a district judge or magistrate judge of this district.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE